IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ANTONIO FRANCISCO MIKA'ELE HAWELU,<br><br>          Plaintiff,<br>    v.<br><br>BRIAN HIBBS,<br><br>          Defendant. | Case No. 4:25-cv-00022-SLG |

### SCREENING ORDER & ORDER STAYING CASE PENDING THE RESOLUTION OF PLAINTIFF'S PENDING STATE CRIMINAL CASE

On June 25, 2025, self-represented prisoner Antonio Francisco Mika'ele Hawelu ("Plaintiff") filed a complaint, a civil cover sheet, and an application to waive prepayment of the filing fee.[1] Plaintiff alleges that on August 13, 2023, Alaska State Trooper ("AST") Brian Hibbs improperly seized Plaintiff, used excessive force by deploying a police canine ("K-9") during the course of Plaintiff's arrest, and violated Plaintiff's right to be free from cruel and unusual punishment.[2] For relief, Plaintiff seeks monetary damages and injunctive relief.[3]

Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the Courtview records of the Alaska Court System.[4] According to

---

[1] Docket 1-3.

[2] Docket 1 at 3.

[3] Docket 1 at 9.

[4] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (12th ed. 2024); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (internal citations and quotation marks

the publicly available state court docket records, Plaintiff was charged with two misdemeanors based on the events that occurred on August 13, 2023.[5] Specifically, Plaintiff was charged with one count of resisting arrest in violation of Alaska Statute § 11.56.700(a)(1) and one count of harming a police dog in violation of Alaska Statute § 11.56.710. That case is still pending in state court and is currently scheduled for trial the week of November 24, 2025.[6]

## SCREENING STANDARD

Under the Prison Litigation Reform Act, a federal district court must screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[7] In this screening, a district court shall dismiss the case at any time if the court determines that the action:

    (i)    is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.[8]

In conducting its screening review, a district court must accept as true the allegations of the complaint, construe the complaint in the light most favorable to

---

omitted.). Publicly available records of the Alaska Trial Courts may be accessed online at https://courts.alaska.gov/main/search-cases.htm.

[5] *State of Alaska vs. Hawelu, Antonio Francisco Mika,* Case No. 4FA-23-01885CR.

[6] *Id.,* Docket Event 11/24/2025 ("Scheduled Trial Week").

[7] 28 U.S.C. §§ 1915, 1915A.

[8] 28 U.S.C. § 1915(e)(2)(B).

Case No. 4:25-cv-00022-SLG, *Hawelu v. Hibbs*
Screening Order & Order Staying Case
Page 2 of 15
Case 4:25-cv-00022-SLG   Document 6   Filed 11/10/25   Page 2 of 15

the plaintiff, and resolve all doubts in the plaintiff's favor.[9] However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[10] Although generally the scope of review is limited to the contents of the complaint, a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[11] Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[12]

Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to file an amended complaint, unless to do so would be futile.[13] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[14]

---

[9] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (holding that a court must construe pleadings filed by self-represented litigants liberally and afford the complainant the benefit of any doubt).

[10] *Doe I v. Wal–Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

[11] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[12] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001) (noting that a plaintiff can "plead himself out of a claim by including . . . details contrary to his claims").

[13] *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[14] *Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986).

Case No. 4:25-cv-00022-SLG, *Hawelu v. Hibbs*
Screening Order & Order Staying Case
Page 3 of 15
Case 4:25-cv-00022-SLG   Document 6   Filed 11/10/25   Page 3 of 15

### I. Summary of Plaintiff's Claims

Plaintiff alleges that on August 13, 2025, he and another individual were in a vehicle that was "off the road and in a ditch" at mile marker 346 of the George Parks Highway. After receiving a call reporting the disabled vehicle, AST Hibbs arrived at the scene to conduct a "welfare check." It is unclear who the vehicle belonged to or who was driving it. But Plaintiff claims that he and the other occupant informed AST Hibbs that the vehicle had broken down, and that help was on the way. AST Hibbs asked for identification, which Plaintiff alleges he provided to the trooper "because any reasonable person would take it as an order being given"; the trooper took the identification and returned to his police car. Presumably after running a warrants check, AST Hibbs got out of his police car and attempted to place Plaintiff under arrest.[15]

According to Plaintiff's Complaint, Plaintiff then attempted to flee the area; AST Trooper sent his K-9 after Plaintiff. Plaintiff ran back into the broken-down vehicle. Plaintiff claims that while the dog attacked him, AST Hibbs ordered Plaintiff to get out of the vehicle. Plaintiff alleges that he could not get out of the vehicle because the dog was biting him, so AST Hibbs tased him multiple times.[16] Plaintiff then tried to defend himself by grabbing the dog and holding its mouth open. Plaintiff claims AST Hibbs falsely accused him of choking and hitting the dog.[17]

---

[15] Docket 1 at 3.

[16] Docket 1 at 4.

[17] Docket 1 at 4.

Case No. 4:25-cv-00022-SLG, *Hawelu v. Hibbs*
Screening Order & Order Staying Case
Page 4 of 15
Case 4:25-cv-00022-SLG   Document 6   Filed 11/10/25   Page 4 of 15

## II. Requirements to State a Claim

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[18] While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[19] Although a federal court must construe complaints filed by self-represented plaintiffs filings liberally, a court cannot act as an attorney for a self-represented litigant, such as by supplying the essential elements of a claim.[20] Additionally, it is not a court's responsibility to review additional filings or exhibits to identify possible claims.[21] A complaint must allege that the plaintiff suffered a specific injury as a result of the conduct of a particular defendant, and it must allege an affirmative link between that specific injury and the conduct of that defendant.[22]

---

[18] Fed. R. Civ. P. 8(a)(2).

[19] *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[20] *Pliler v. Ford,* 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

[21] *Keenan v. Allan,* 91 F.3d 1275, 1279 (9th Cir. 1996) (noting that it is not a district court's task "to scour the record" for support for the parties' arguments). *Cf. Carmen v. San Francisco Unified Sch. Dist.,* 237 F.3d 1026, 1031 (9th Cir. 2001) (concluding that evidence supporting a party's filing should be "set forth in the ... papers with adequate references so that it could conveniently be found").

[22] *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Case No. 4:25-cv-00022-SLG, *Hawelu v. Hibbs*
Screening Order & Order Staying Case
Page 5 of 15
Case 4:25-cv-00022-SLG   Document 6   Filed 11/10/25   Page 5 of 15

### III. Civil Rights Claims under 42 U.S.C. § 1983 ("Section 1983")

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish that (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statutes.[23] To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[24] To be deprived of a right, the defendant's action must either violate a right guaranteed by the Constitution or an enforceable right created by a federal statute.[25] Section 1983 does not confer constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[26]

### A. Plaintiff cannot maintain claims against K-9 Lenox or the Alaska Department of Public Safety

A defendant in a civil rights lawsuit must be a "person."[27] Further, the Eleventh Amendment to the U.S. Constitution protects states and state instrumentalities—the "arms of the state" such as the State's governmental branches, divisions, offices, and departments—from being sued in federal court unless the state has waived its immunity.[28] The State of Alaska has not waived

---

[23] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[24] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[25] *Gonzaga Univ. v. Doe,* 536 U.S. 273 (2002). *See also Health & Hosp. Corp. of Marion Cnty. v. Talevski,* 599 U.S. 166 (2023); *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997).

[26] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[27] 42 U.S.C. § 1983.

[28] *Doe v. Regents of the Univ. of Calif.*, 891 F.3d 1147, 1153 (9th Cir. 2018); *Alabama v. Pugh,*

Case No. 4:25-cv-00022-SLG, *Hawelu v. Hibbs*
Screening Order & Order Staying Case
Page 6 of 15
Case 4:25-cv-00022-SLG   Document 6   Filed 11/10/25   Page 6 of 15

immunity for civil rights claims alleging violations of the federal Constitution in federal court.

The Alaska Department of Public Safety is not a person and is immune from suit, and K-9 Lenox is a police dog not a person. Therefore, Plaintiff's claims against the Alaska Department of Public Safety and K-9 Lenox are DISMISSED with prejudice.

### B. Plaintiff cannot maintain a Cruel and Unusual Punishment claim

In its prohibition of "cruel and unusual punishments," the Eighth Amendment places restraints on prison officials, who may not, for example, use excessive physical force against convicted prisoners.[29] The Eighth Amendment also imposes a duty on prison to provide humane conditions of confinement; prison officials must ensure that convicted prisoners receive adequate food, clothing, shelter, and medical care, and must "take reasonable measures to guarantee the safety of the inmates."[30] The protections of the Eighth Amendment are "reserved for 'those convicted of crimes' ...."[31] Plaintiff was not a convicted prisoner in the custody of the State at the time of the alleged violations, and as such, the Eighth Amendment does not apply. Therefore, Plaintiff's claims against AST Hibbs under the Eighth

---

348 U.S. 781 (1978).

[29] *See Hudson v. McMillian,* 503 U.S. 1 (1992).

[30] *Hudson v. Palmer,* 468 U.S. 517, 526–527 (1984).

[31] *Hawkins v. Comparet-Cassani*, 251 F.3d 1230, 1238 (9th Cir. 2001) (quoting *Whitley*, 475 U.S. at 318).

Case No. 4:25-cv-00022-SLG, *Hawelu v. Hibbs*
Screening Order & Order Staying Case
Page 7 of 15
Case 4:25-cv-00022-SLG   Document 6   Filed 11/10/25   Page 7 of 15

Amendment must be DISMISSED with prejudice.

### IV. *Heck v. Humphrey* Bar

The Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), limits the ability of individuals to pursue Section 1983 claims that are related to pending state court criminal proceedings. Under *Heck,* a plaintiff cannot bring a Section 1983 claim for damages if a judgment in the plaintiff's favor by the federal court would necessarily imply the invalidity of the state court conviction, unless the conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.[32] When a related state court criminal case results in a conviction, a plaintiff's civil case arising out of the same incident may be barred by *Heck*.[33] However, even if the state criminal case results in a conviction against a plaintiff, a plaintiff's claims of excessive force may not be barred if success on such a claim would not necessarily imply the invalidity of a state court criminal conviction.[34]

---

[32] *Heck*, 512 U.S. at 486-487.

[33] *Wallace v. Kato,* 549 U.S. 384, 393 (2007).

[34] *See, e.g., Sanders*, 14 F.4th at 971 (holding *Heck* would not bar claim for excessive force "if the alleged excessive force occurred *before* or *after* the acts that form the basis of the [conviction], even if part of one continuous transaction") (emphasis in original); *Beets v. County of Los Angeles*, 669 F.3d 1038, 1042 (9th Cir. 2012) ("[A]n allegation of excessive force by a police officer would not be barred by *Heck* if it were distinct temporally or spatially from the factual basis for the person's conviction."); *Hooper v. Cnty. of San Diego*, 629 F.3d 1127, 1134 (9th Cir. 2011) (holding that a conviction for resisting arrest did not result in *Heck* bar to claim for excessive force during arrest "when the conviction and the § 1983 claim are based on different actions during 'one continuous transaction'").

Case No. 4:25-cv-00022-SLG, *Hawelu v. Hibbs*
Screening Order & Order Staying Case
Page 8 of 15
Case 4:25-cv-00022-SLG     Document 6     Filed 11/10/25     Page 8 of 15

Nevertheless, Section 1983 claims that are related to rulings that will likely be made in a pending state court criminal case may be stayed pending the termination of the state proceedings.[35] When a plaintiff files a false arrest or excessive force claim that is factually related to a pending state criminal case, "it is within the power of the district court, and accords with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended."[36]

### A. Unreasonable Search and Seizure Claim

The Fourth Amendment guarantees "[t]he right of the people to be secure . . . against unreasonable searches and seizures."[37]

When a car is pulled off the side of the road, a police officer may act to ensure public safety and assist individuals who may be in distress, even in the absence of any suspected criminal activity. During such a welfare check, it is constitutionally permissible for a police officer to approach the vehicle and inquire about the occupants' condition or circumstances.[38]

Here, it is unclear from Plaintiff's Complaint who was the driver of the disabled vehicle, how the vehicle ended up in a ditch off the side of the road,

---

[35] *Wallace,* 549 U.S. at 393–394.

[36] *See, e.g., Wallace,* 549 U.S. at 393–394 (holding that a Section 1983 claim for false arrest "begins to run at the time the claimant becomes detained pursuant to legal process," even "where the arrest is followed by criminal proceedings.").

[37] U.S. Const. amend. IV.

[38] *U.S. v. Drayton*, 536 U.S. 194, 200 (2002) ("Law enforcement officers do not violate the Fourth Amendment's prohibition of unreasonable seizures merely by approaching individuals on the street or in other public places and putting questions to them if they are willing to listen.") (citations omitted).

Case No. 4:25-cv-00022-SLG, *Hawelu v. Hibbs*
Screening Order & Order Staying Case
Page 9 of 15
Case 4:25-cv-00022-SLG   Document 6   Filed 11/10/25   Page 9 of 15

whether AST Hibbs had reasonable suspicion to believe a traffic violation had occurred, or whether the vehicle's occupants were engaged in any suspicious behavior. But even if AST Hibbs's request for identification was unduly coercive, as Plaintiff appears to allege, at the point when AST Hibbs attempted to place Plaintiff under arrest, he presumably was doing so pursuant to an outstanding arrest warrant. If Plaintiff was arrested pursuant to a valid arrest warrant, that arrest would generally remain lawful notwithstanding any earlier Fourth Amendment violation during the welfare check.[39]

In any event, the proper forum for Plaintiff to challenge the legality of the police encounter that led AST Hibbs to check his identification and discover an outstanding warrant is through a motion to suppress in Plaintiff's state criminal proceedings. Plaintiff cannot successfully challenge the legality of the stop in this federal civil rights action seeking damages unless the criminal charges are overturned.. Accordingly, Plaintiff fails to state a claim for relief under Section 1983 based solely on AST Hibbs's welfare check and decision to arrest.

### B. Excessive Force Claim

Allegations of excessive force during an arrest are examined under the Fourth Amendment's prohibition against unreasonable seizures.[40] Under the

---

[39] *See Utah v. Strieff*, 579 U.S. 232, 238–39 (2016).

[40] *Graham v. Connor,* 490 U.S. 386, 394 (1989). *See also* Ninth Circuit Manual of Model Civil Jury Instructions, Instruction 9.25: Fourth Amendment Excessive Force, and the cases cited therein.

Case No. 4:25-cv-00022-SLG, *Hawelu v. Hibbs*
Screening Order & Order Staying Case
Page 10 of 15
Case 4:25-cv-00022-SLG   Document 6   Filed 11/10/25   Page 10 of 15

Fourth Amendment, a police officer may use only such force as is "objectively reasonable" under all of the circumstances.[41] The use of a police dog to apprehend a suspect can be considered excessive force if the severity of the intrusion on the individual's Fourth Amendment rights outweighs the government's interest in using that force.[42]

A court's consideration must provide "allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation."[43] To determine whether force was "reasonable" under the Fourth Amendment, a court must balance "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake."[44] In assessing "whether an officer's actions were objectively reasonable, [a court must] consider: '(1) the severity of the intrusion on the individual's Fourth Amendment rights by evaluating the type and amount of force inflicted, (2) the government's interest in the use of force, and (3) the balance

---

[41] *Lombardo v. City of St. Louis,* 594 U.S. 464, 467 (2021). *See also Espinosa v. City & Cnty. of San Francisco*, 598 F.3d 528, 537 (9th Cir. 2010) (explaining that excessive force must be evaluated based on the totality of circumstances).

[42] *Lowry v. City of San Diego,* 858 F.3d 1248 (2017). *Cf. Watkins v. City of Oakland,* 145 F.3d 1087, 1093 (9th Cir.1998) (holding that "excessive duration of the bite ... could constitute excessive force"); *Chew v. Gates*, 27 F.3d 1432, 1441 (9th Cir. 1994) ("By all accounts, the force used to arrest Chew was severe. Chew was apprehended by a German Shepherd taught to seize suspects by biting hard and holding.").

[43] *Graham,* 490 U.S. at 397.

[44] *Graham,* 490 U.S. at 396.

Case No. 4:25-cv-00022-SLG, *Hawelu v. Hibbs*
Screening Order & Order Staying Case
Page 11 of 15
Case 4:25-cv-00022-SLG    Document 6    Filed 11/10/25    Page 11 of 15

between the gravity of the intrusion on the individual and the government's need for that intrusion.'"[45]

Accepting the facts as alleged in the Complaint as true and construing the claims in the light most favorable to Plaintiff—as the Court must at the screening stage—the Complaint contains sufficient facts to support a plausible claim that the force used against Plaintiff during the August 13, 2023, arrest was objectively unreasonable under the Fourth Amendment. However, as explained above, because the excessive force allegations arise from an arrest resulting in state criminal charges filed against Plaintiff for resisting arrest and harm to the K-9 involved, a conviction on those charges could prevent Plaintiff from proceeding on his damages claims in federal court under *Heck v. Humphrey*.[46] Therefore, the Court will not consider Plaintiff's excessive force claim until the conclusion of Plaintiff's state case regarding those charges.

### V. This Case is Stayed Pending the Resolution of Plaintiff's Pending Criminal Charges in State Court Case

"A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case."[47]  Here,

---

[45] *Williamson v. City of Nat'l City,* 23 F.4th 1146, 1151 (9th Cir. 2022) (quoting *Rice v. Morehouse,* 989 F.3d 1112, 1121 (9th Cir. 2021)).

[46] *See supra* at 8-9.

[47] *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979) (citations omitted).

Case No. 4:25-cv-00022-SLG, *Hawelu v. Hibbs*
Screening Order & Order Staying Case
Page 12 of 15
Case 4:25-cv-00022-SLG      Document 6      Filed 11/10/25      Page 12 of 15

Plaintiff's state criminal case arising from the same event as his excessive force claim is presently scheduled for an upcoming trial. Therefore, the Court finds a stay of this action to be appropriate until such time as that underlying state court criminal proceeding is concluded.[48]

**IT IS THEREFORE ORDERED:**

1. This case is **STAYED** pending the conclusion of Case No. 4FA-23-01885CR.

2. Plaintiff shall file a status report with this Court **every six months, beginning on May 3, 2026,** until the proceedings are terminated in Case No. 4FA-23-01885CR, that apprises the Court of the status of his state court case.

3. Failure to timely file a status report may result in the dismissal of this action without further notice to Plaintiff.

4. Plaintiff's claims against K-9 Lenox and the Alaska Department of Public Safety are **DISMISSED with prejudice**. The Clerk shall update the case caption accordingly.

5. Plaintiff's claims under the Eighth Amendment are **DISMISSED with prejudice**.

6. Within **14 days** of the conclusion of Case No. 4FA-24-01233CR, Plaintiff shall file either (1) a notification that he intends to proceed on his claim

---

[48] *Wallace,* 549 U.S. at 393.

Case No. 4:25-cv-00022-SLG, *Hawelu v. Hibbs*
Screening Order & Order Staying Case
Page 13 of 15
Case 4:25-cv-00022-SLG    Document 6    Filed 11/10/25    Page 13 of 15

against AST Hibbs on the remaining claims in his Complaint, or (2) a notice voluntarily dismissing this case.

7. Plaintiff's application to waive prepayment of the filing fee at **Docket 3 is GRANTED.**

8. Federal law only allows the Court to waive a prisoner's *prepayment* of the fees associated with civil lawsuits. Prisoners must pay the filing fee incrementally until paid in full, regardless of the outcome of the action.[49] Should Plaintiff proceed with this lawsuit, the Court will issue a separate order for the collection of the filing fee directly from Plaintiff's prisoner trust account.

9. If Plaintiff is released from custody while this case remains pending and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) pay the unpaid balance of his filing fee or (2) file a Non-Prisoner Application to Waive the Filing Fee (Form PS11).[50] Failure to comply may result in dismissal of this action.

10. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all Court orders.[51] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

---

[49] 28 U.S.C. § 1915(b)(1)&(2).

[50] The Court's template forms are available upon request from the Clerk's office and on the Court's website at https://www.akd.uscourts.gov/forms.

[51] *See* 28 U.S.C. § 1654 (permitting parties in federal court to represent themselves or be represented by an attorney, subject to the court's rules); Local Civil Rule 1.1(a)(3) ("All parties,

Case No. 4:25-cv-00022-SLG, *Hawelu v. Hibbs*
Screening Order & Order Staying Case
Page 14 of 15
Case 4:25-cv-00022-SLG   Document 6   Filed 11/10/25   Page 14 of 15

11. Self-represented litigants must be ready to diligently pursue each case to completion. Missing a deadline or otherwise failing to pursue a case may result in the dismissal of the action.

12. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[52] The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice to the plaintiff.

13. With this order, the Clerk is directed to send: (1) form PS09, Notice of Voluntary Dismissal, and (2) form PS23, Notice of Change of Address.

DATED this 10th day of November, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

including self-represented parties, must comply with these Local Rules and the Federal Rules of Civil Procedure. References in these rules to "counsel" or "attorneys" also refer to self-represented parties."). *See also* U.S. Courts, Federal Rules of Civil Procedure, https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; U.S. District Court for the District of Alaska, Local Rules and Orders, https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

[52] *See* District of Alaska Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number").

Case No. 4:25-cv-00022-SLG, *Hawelu v. Hibbs*
Screening Order & Order Staying Case
Page 15 of 15
Case 4:25-cv-00022-SLG   Document 6   Filed 11/10/25   Page 15 of 15