# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

ANTONIO FRANCISCO MIKA'ELE
HAWELU,

Plaintiff,

v.

BRIAN HIBBS,

Defendant.

Case No. 4:25-cv-00022-SLG

## ORDER LIFTING STAY & ORDER TO FILE FIRST AMENDED COMPLAINT

On November 10, 2025, the Court issued a Screening Order and stayed this case filed by self-represented prisoner Antonio Francisco Mika'ele Hawelu ("Plaintiff") pending the resolution of his then-pending state criminal proceedings.[1] On February 10, 2026, Plaintiff filed a motion described as a "notice of continuance."[2] In accordance with the Screening Order, Plaintiff notified the Court that he was convicted in state court on two misdemeanor charges on January 7, 2026 in Case No. 4FA-24-01233CR.[3] Yet Plaintiff contends that because he has appealed his conviction and is seeking to have the jury's determination reversed, his state criminal proceedings are not concluded.[4]

In his motion, Plaintiff requests that the Court determine whether his civil claims can proceed immediately despite his conviction. If the Court determines his

---

[1] Docket 6.

[2] Docket 7.

[3] Docket 7.

[4] Docket 7. *See also Hawelu v. State,* Case Nos. A14921, A14991.

claims are barred by *Heck v. Humphrey,* Plaintiff requests the Court stay this case until his state court appeal concerning his criminal conviction is resolved.[5]

Contrary to Plaintiff's assertion, his state court conviction eliminates the need for a continued stay in these federal civil proceedings. The possibility of a future retrial or dismissal remains contingent upon the uncertain success of his pending state court criminal appeals and does not warrant further delaying this litigation. Accordingly, Plaintiff's motion to further extend the stay in this case is DENIED; the Clerk is ordered to LIFT THE STAY in this case.

Plaintiff contends that his excessive force claim against AST Hibbs is not barred by *Heck v. Humphrey* even if his pending criminal appeal is ultimately decided against him.[6] However, Plaintiff does not provide the Court with the necessary facts regarding the state court proceedings or the incident to evaluate the *Heck* doctrine, such as the specific conduct that formed the basis for each conviction and the timing of the alleged force relative to the facts underlying each count of conviction. Plaintiff bears the burden to provide sufficient factual context to show that his claims are not *Heck*-barred. Accordingly, **within 30 days of the date of this order,** Plaintiff must file an amended complaint that expressly sets forth:

- **What specific facts** the jury necessarily found to support his conviction

---

[5] Docket 7.

[6] Docket 7.

Case No. 4:25-cv-00022-SLG, *Hawelu v. Hibbs*
Order Lifting Stay and Order to File First Amended Complaint
Page 2 of 7

Case 4:25-cv-00022-SLG    Document 9    Filed 06/11/26    Page 2 of 7

for resisting arrest and his conviction for harming a police dog; and

- **Why those specific factual findings do** not pose a *Heck* bar to his excessive force claim.

## DISCUSSION

When applying the *Heck* bar, courts ask whether success on a Section 1983 claim would "necessarily imply the invalidity" of the plaintiff's criminal conviction.[7] Excessive force claims may survive *Heck* when the elements of the offense of conviction are not inconsistent with a finding that officers used excessive force on the arrestee.[8] Plaintiff states that he was convicted on one count of resisting arrest in violation of Alaska Statute § 11.56.700(a)(1) and one count of harming a police dog in violation of Alaska Statute § 11.56.710.[9] According to the publicly available state court docket records,[10] Plaintiff was convicted in state court following a jury trial.[11] When a conviction results from a jury verdict, to apply *Heck,* a court must look at the record of the criminal case, including the jury instructions to determine which facts the jury necessarily found.[12]

---

[7] *Beets v. County of Los Angeles,* 669 F.3d 1038 (2012).

[8] *See, e.g.*, *Hooper v. County of San Diego*, 629 F.3d 1127, 1134 (9th Cir. 2011) ("A conviction under California Penal Code § 148(a)(1) does not bar a § 1983 claim for excessive force under *Heck* when the conviction and the § 1983 claim are based on different actions during 'one continuous transaction.'").

[9] Docket 7 at 3.

[10] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the Courtview records of the Alaska Court System. Publicly available records of the Alaska Trial Courts may be accessed online at https://courts.alaska.gov/main/search-cases.htm.

[11] *State of Alaska vs. Hawelu, Antonio Francisco Mika,* Case No. 4FA-23-01885CR (Disposition 01/07/2026: Guilty After Trial).

[12] *Lemos v. Cnty. of Sonoma,* 40 F.4th 1002, 1006 (9th Cir. 2022). *See also Schlosser v. State,*

Case No. 4:25-cv-00022-SLG, *Hawelu v. Hibbs*
Order Lifting Stay and Order to File First Amended Complaint
Page 3 of 7
Case 4:25-cv-00022-SLG    Document 9    Filed 06/11/26    Page 3 of 7

Under Alaska law, the lawfulness of the arrest is not an element of resisting arrest under § 11.56.700(a)(1) that the State must prove.[13] Accordingly, under Alaska law, a guilty verdict for resisting arrest does not "necessarily determine[] the lawfulness of the officers' actions throughout the whole course of the defendant's conduct," as it may in other states.[14] Alaska law does, however, provide a justification defense under AS § 11.81.400 that a criminal defendant may raise.[15] Additionally, if the alleged excessive force occurred *before* or *after* the acts that form the basis of the resisting arrest conviction, even if part of one continuous transaction, the Section 1983 claim doesn't necessarily imply the invalidity of the criminal conviction.[16]

Here, Plaintiff's Complaint alleges multiple actions that could have formed the basis for the convictions (such as fleeing by car, running into a field, and refusing to get out of the car), and it is unclear whether the alleged excessive force

---

372 P.3d 272, 277 (Alaska Ct. App. 2016) (noting that the jury instruction on the elements of resisting arrest informed the jurors that a person could not use force to resist an arrest unless the officer making the arrest used excessive force).

[13] This statute reads, in pertinent part: "A person may not use force to resist personal arrest or interfere with the arrest of another by a peace officer ..., whether the arrest is lawful or unlawful, unless ... the force used by the peace officer exceeds that allowed by AS 11.81.370."

[14] *See, e.g., Smith v. City of Hemet*, 394 F.3d 689, 695 (9th Cir. 2005) (analyzing the Heck bar for a resisting-arrest conviction under California Penal Code § 148(a)).

[15] Alaska Stat. § 11.81.400(a) (providing that "[a] person may not use force to resist personal arrest or interfere with the arrest of another by a peace officer" unless "the force used by the peace officer exceeds that allowed under AS 11.81.370").

[16] *See, e.g.*, *Hooper v. County of San Diego*, 629 F.3d 1127, 1134 (9th Cir. 2011) ("conviction under California Penal Code § 148(a)(1) does not bar a § 1983 claim for excessive force under *Heck* when the conviction and the § 1983 claim are based on different actions during 'one continuous transaction.' ").

Case No. 4:25-cv-00022-SLG, *Hawelu v. Hibbs*
Order Lifting Stay and Order to File First Amended Complaint
Page 4 of 7

Case 4:25-cv-00022-SLG    Document 9    Filed 06/11/26    Page 4 of 7

by the officer that Plaintiff is alleging occurred before, during, or after the conduct that formed the basis of Plaintiff's convictions.[17] It is also unclear whether Plaintiff's defense in the state case included an argument that the dog bite or other excessive force prevented him from complying with the officer's instructions.

If the entire incident is unquestionably part of the actions that formed the basis of Plaintiff's conviction, or if the alleged excessive force actions cannot be separated from Plaintiff's resistance to the officer attempting to arrest him, Plaintiff's claim is barred by *Heck*. But without a clear, chronological account and relevant portions of the state court record—such as jury instructions, verdict forms, and trial transcript excerpts addressing the physical altercation, canine deployment and bite duration, and any taser use—the Court cannot assess whether a judgment for Plaintiff in this case would conflict with the jury's findings in the state case.

Plaintiff will be permitted to file a First Amended Complaint to attempt to remedy these deficiencies. Because Plaintiff bears the burden to provide sufficient factual context to show that his claims are not *Heck*-barred, Plaintiff must include a detailed statement clarifying the exact chronological order of his conduct versus the officers' actions. Plaintiff should also file with his First Amended Complaint the relevant portions of the state court record, including:

1. The **jury instructions** and **verdict forms** from his

---

[17] *Bates v. Rezentes,* 731 F.Supp.3d 1119 (2024).

Case No. 4:25-cv-00022-SLG, *Hawelu v. Hibbs*
Order Lifting Stay and Order to File First Amended Complaint
Page 5 of 7
Case 4:25-cv-00022-SLG   Document 9   Filed 06/11/26   Page 5 of 7

criminal trial.

2. Relevant portions of the **trial transcript** detailing the testimony or evidence regarding the physical altercation and the arrest.

3. Relevant **judicial orders** from the state criminal proceedings.

In addition to attaching these state court documents, all this information must still be included in the First Amended Complaint itself, and **Plaintiff must specifically identify in the amended complaint the page number of the document that supports each of his contentions.**

If Plaintiff files an amended complaint, the Court will screen the amended complaint to determine whether it is subject to dismissal or whether that complaint may proceed to the next stage of litigation. Should the amended complaint proceed beyond the screening stage, the Court will order service of that complaint on Defendant. Plaintiff must not attempt to serve Defendant Hibbs until the Court so orders.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's motion to stay this case at **Docket 7 is DENIED.**

2. The Clerk shall **LIFT THE STAY** in this case.

3. Plaintiff is accorded **60 days** from the date of this order to file either:

Case No. 4:25-cv-00022-SLG, *Hawelu v. Hibbs*
Order Lifting Stay and Order to File First Amended Complaint
Page 6 of 7

Case 4:25-cv-00022-SLG    Document 9    Filed 06/11/26    Page 6 of 7

a.  <u>First Amended Complaint</u>, in which Plaintiff revises his complaint to address the deficiencies identified in this order. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order; OR

b.  <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end this case.

4.  With this order, the Clerk is directed to send: (1) form PS01, with "FIRST AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) form PS09, Notice of Voluntary Dismissal; and (3) form PS23, Notice of Change of Address.

DATED this 11th day of June, 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

Case No. 4:25-cv-00022-SLG, *Hawelu v. Hibbs*
Order Lifting Stay and Order to File First Amended Complaint
Page 7 of 7

Case 4:25-cv-00022-SLG     Document 9     Filed 06/11/26     Page 7 of 7